# EXHIBIT A

June 28, 2024

IN THE MATTER OF THE
APPEAL OF THE MARLIN
RESTAURANT AND BAR, INC.
License No.: 1503-32-009-008

                NOTICE AND PETITION OF APPEAL
                FILED PURSUANT TO N.J.A.C. 13:2-17.1

TO:  Kirstin Krueger, Esq.
     Director
     Division of Alcoholic Beverage Control
     140 East Front Street
     5TH Floor
     P.O. Box 087
     Trenton, NJ 08625-0087

    Pursuant to N.J.A.C. 13:2-17.1, The Marlin Restaurant and Bar, Inc. (the "Marlin" or "Licensee") hereby appeals to the Division of Alcoholic Beverage Control from the determination of the Borough of Beach Haven to eliminate a special condition from the Alcoholic Beverage Control license issued to the Marlin Restaurant and Bar, Inc. effective July 1, 2024. As a consequence of the condition, the Borough seeks to prohibit the conduct of Teen Night. The license was renewed by Resolution of Approval #144-2024 (Exhibit A).

    Pursuant to N.J.A.C. 13:2-17.8 and any other applicable law, the Marlin seeks an extension of its 2023-24 license pending the resolution of this matter and a stay of the elimination of the condition in the 2024-25 License.

    Teen Nights were allowed by a 1999 Stipulation of Settlement between the Marlin and the Borough of Beach Haven (Exhibit B) resolving a matter litigated before the United States District Court for the District of New Jersey. Permission to conduct Teen Nights was included in all subsequent alcoholic beverage licenses issued to the Marlin and its previous affiliate, the Ketch. Teen Nights have been conducted at the Marlin and at the Ketch (a/k/a the Catch),[1] without a single written complaint for more than 30 years. The Borough

---

[1] The Ketch and the Marlin were both owned by Michael Battista. Mr. Battista has since sold the Ketch but continues to own and operate the Marlin.

1

#7071994v4

should abide by the parties' Stipulation of Settlement and restore the right to conduct Teen Nights.

There is no justification for any decision to ban Teen Nights at the Marlin in the 2024-25 license and the Marlin seeks a ruling prohibiting the banning of Teen Nights and a stay of elimination of the special condition banning Teen Nights pending the final resolution of this matter.

1. **Identity of the Parties Involved in the Appeal**:

    Appellant

    Marlin Restaurant and Bar, Inc.
    c/o Michael Battista, President
    2 South Bay Avenue
    Beach Haven, N.J. 08008

    Phone Number of Michael Battista:
         609-618-1696

    By its Attorney:

    Arnold C. Lakind, Esq.
    Szaferman, Lakind,
         Blumstein & Blader, PC
    101 Grovers Mill Road, Suite 200
    Quakerbridge Executive Center
    Lawrenceville, NJ  08648

    Phone Number of Arnold Lakind:
         609-306-3994

    Respondent

    Borough of Beach Haven
    300 Engleside Avenue
    Beach Haven, New Jersey

    Phone Number:
         609-492-0111

#7071994v4

2. <u>Subject Matter of the Appeal</u>

    a. <u>The History of Teen Nights</u>

The Marlin Restaurant and Bar, Inc. (the "Marlin") is the holder of Alcoholic Beverage License No.: 1503-32-009-008 which is a plenary retail consumption license with broad C privileges issued pursuant to N.J.S.A. 33:1-12 (the "License"). The Marlin's 2023-24 License and all prior licenses permit Teen Nights subject to certain conditions. The Licensee has complied with all of the conditions throughout the 30 years that Teen Nights were conducted.

The Marlin was also allowed to conduct Teen Nights in accordance with a 1999 Stipulation of Settlement between the Marlin and the Borough of Beach Haven which resolved a Federal Civil Rights lawsuit; the Stipulation has been filed before the Office of Administrative Law. (Exhibit B). This Stipulation remains in force and the Marlin has not violated any provision of the Stipulation.

Pursuant to that Stipulation, the Borough undertook to provide written notice of any "problems or perceived problems" at the Marlin. The Borough had not provided a single written notice with regard to any problem at a Teen Night until this month, when, in connection with litigation about the lawfulness of eliminating the right to conduct Teen Night, it raised a number of undocumented claims.

    b. Ordinance #2024-13C

On or about May 30, 2024, the Borough of Beach Haven enacted Ordinance #2024-13C which prohibits "Teen Nights" which are defined to be

> A scheduled dance or event held on the premises of a licensed plenary retail alcoholic beverage establishment and restricted to those patrons under the legal drinking age established by the laws of New Jersey.

(hereafter, the "Teen Night Ordinance," Exhibit C). The Teen Night Ordinance is effective June 19, 2024 and will prevent the Marlin from conducting Teen Nights although they were permitted in all prior licenses.

3

#7071994v4

3.   **The Date and Action of the Issuing Authority**

On June 10, 2024, the Borough of Beach Haven renewed the Marlin's alcoholic beverage license and omitted the right to conduct Teen Night. (Exhibit A).

4.   **Relief Sought**

The Petitioner asks the Director to rule that the removal of the special condition allowing Teen Nights is arbitrary, capricious, unreasonable and unlawful and that the 2023-24 existing license be extended pending final resolution of this matter and that the effect of Ordinance 2024-13C be stayed.

5.   **The Grounds for the Relief Sought**

The Marlin's license cannot be changed without "good cause" and there is no "good cause":

**First**, one part of the Marlin's prior alcoholic beverage licenses permits the Marlin to conduct Teen Nights. By prohibiting Teen Nights, the Borough unlawfully deprives The Marlin of a "property interest" to which it was entitled:

> This is so because a liquor license is a property interest of value subject to protection against unreasonable and illegally grounded discriminatory conduct by the issuing authority.

*Great Atl. & Pac. Tea Co. v. Point Pleasant Beach*, 220 N.J. Super. 119, 129 (App. Div. 1987). *See also Boss Co. v. Board of Comm'r*, 40 N.J. 379, 384 (1963) (a license is a personal right with a monetary value).

The elimination of the right to conduct Teen Night is both unreasonable and discriminatory. It is unreasonable because; (1) there has not been a single written complaint about Teen Nights in the last 30 years; (2) the current complaints about Teen Night are undocumented; (3) Teen Nights are closely supervised by the Marlin using 14 security guards; and (4) all waiting lines are confined on site.

The elimination is discriminatory because non-licensed establishments, Bay Village Pizza and the Fantasy Island Amusement Park, cater to large crowds of teens, for more days, for more hours and at times when police and other public service providers are more busy – Friday and Saturday nights.

The decision to eliminate Teen Night is politically motivated. The Teen Night Ordinance was enacted as a pretext to punish the owner of the Marlin, Michael Battista. For several years, Mr. Battista was the Mayor of the Borough of Beach Haven. He determined not to run for re-election and subsequently was asked to serve on the governing body, which he did. At the time, the Mayor of Beach Haven was selected by a vote of the governing body. Colleen Lambert, one of the three governing body members to vote in favor to the Teen Night ban, asked Mr. Battista for his support. He declined and informed her he would be supporting another candidate. As a consequence of that decision, a schism between the two developed.

A second member to vote in favor of Teen Night was Jamie Baumiller. Mr. Battista permitted Ms. Baumiller to store her boat on his property for several years. He eventually asked that it be removed as she was not paying for storage and the relationship between Ms. Baumiller and Mr. Battista deteriorated. Like Ms. Murphy, she voted in favor of the Teen Night ban. The last member to vote in favor the ban had defeated Mr. Battista for re-election to the Borough Council.

The Teen Night ban impacts the one establishment to offer a teen night, the Marlin. It claims to address a problem that does not exist and, even were there problems associated with Teen Night as opposed to problems associated with vacationing teens, they pale in comparison to problems originating at establishments when alcoholic beverages are sold and at the competing Bay Village Pizza and Fantasy Island.

**Second**, while a governing body may impose conditions on a licensee and change those conditions from year to year, to do so,

> there must be some reasonable association "with dangers to the public health, safety, morals and general welfare commonly recognized as incidents of the sale and consumption of alcohol."

5

#7071994v4

*Great Atl. & Pac. Tea Co. v. Point Pleasant Beach*, 220 N.J. Super. at 128 (app. Div. 1987). While a license is a privilege, the holder is nonetheless protected from arbitrary action upon renewal. *Dolphin Father, LLC v. Mun. Bd. of Alcoholic Bev. Control of Newark*, 2013 N.J. Super. Unpub. LEXIS 1398, * 22 (App. Div. 2013).

Given the fact that the Marlin and its affiliate, the Ketch, conducted Teen Nights for 30 years without a single written complaint, there is no justification to ban Teen Nights for the 2024-25 license term which was permitted in all prior renewals and the parties' Stipulation of Settlement.

In addition, Teen Night enjoys considerable public support. See on line petition of individuals opposing the Teen Night ban. (Exhibit D).

**Third**, the Director should exercise her authority and reject removal of the Teen Night special condition. *N.J.S.A.* 33:1-40 sets forth the rights of a municipality to regulate licensed retail establishments. It provides in part as follows:

> The governing board or body of each municipality may, as regards said municipality, by ordinance, limit the number of licenses to sell alcoholic beverages at retail . . . The governing board or body of each municipality may, as regards said municipality, by ordinance or resolution, limit the hours between which the sale of alcoholic beverages at retail may be made, prohibit the retail sale of alcoholic beverages on Sunday, and, **subject to the approval of the commissioner first obtained, regulate the conduct of any business licensed to sell alcoholic beverages at retail and the nature and condition of the premises upon which any such business is to be conducted.** (Emphasis added).

*See also Iron Bar, LLC v. Town of Morristown*, 2019 N.J. Super. Unpub. LEXIS 1655, *2 (App. Div., Jul 19, 2019). The effort to eliminate the right to offer Teen Nights in the 2024-25 license should be stayed until this matter can be fully reviewed by the Director.

**Fourth**, approximately thirty years ago, Plaintiffs, Michael Battista, The Marlin Restaurant and Bar, Inc. and an affiliated entity, The Catch, Inc. (a/k/a "The Ketch"), filed a Federal Civil Rights lawsuit against the Borough of Beach Haven and

6

#7071994v4

others. *Michael Battista, The Marlin Restaurant and Bar, Inc., The Catch, Inc. v Borough of Beach Haven*, Docket No. 97-4298. That matter was resolved by a Stipulation of Settlement entered on June 29, 1999 (the "Stipulation," Exhibit B). That Stipulation authorized the Marlin to conduct Teen Night, subject to certain conditions.

The Stipulation contained several provisions to protect the Marlin and the Catch, from arbitrary and/or discrminatory treatment. The Stipulation provides in pertinent part, at Paragraph VIII, that the Resolution authorizing renewal of the June 1999 plenary Alcoholic Beverage License on behalf of the Marlin shall be consistent with an attached form. The form of Resolution attached to the Stipulation permits Teen Nights provided they end no later than 11:45 PM. That language has been incorporated into every subsequent License, and adhered to without complaint. That Stipulation is relevant in several ways.

First, Article V of that Stipulation requires the Borough Administrator to "provide written notice to [the Marlin] of any problems or perceived problems with the operation of the [Marlin]." No such notices were provided to the Marlin or the Ketch.

Second, the Stipulation prohibits discrimination against the Marlin and its customers. (Article I). There has been discrimination in this matter insofar as non-licensed establishments, such as Bay Village Pizza and Fantasy Island Amusement Park, have more teens present at their activities than does the Marlin. The Marlin operates Teen Nights on Tuesdays, Thursdays or Sundays, when fewer visitors are in Beach Haven. Other facilities that cater to teens operate seven days a week.

Third, in order to change the Marlin's license, the Borough agreed that it must satisfy a procedure consisting of three steps set forth in Article XIII of the Stipulation: (1) there must be "good cause"; (2) the change must be "in compliance with procedures set forth" in the Agreement; and (3) the change can only be made "upon prior written notice to licensee of the intention to impose such changed restrictions." The parties may dispute whether the Borough has satisfied the "good cause" standard - it has not - but there is no dispute that the Borough failed to comply with both of the other two criteria.

The Borough has had and continues to have the benefits of the Settlement Agreement and should abide by its obligations under that Agreement.

**Fifth**, as set forth in the argument portion of the attached brief (Exhibit E) which is part of a brief filed in the Superior Court addressing the prospective application of the Teen Night Ordinance, the Ordinance violates the New Jersey Law Against Discrimination and the Constitutions of the United States and the State of New Jersey. As argued in the accompanying brief, the Petitioner has satisfied the factors warranting a stay in accordance with *Crowe v. DeGioia*, 90 N.J. 126 (1982).

The Marlin incorporates all arguments set forth in its Petition of Appeal concerning its 2023-24 license and in its reply to the response of the Borough of Beach Haven.

\*       \*       \*

## 6. A Stay of Any Change in the License is Warranted

For the reasons set forth above and in the accompanying brief, a stay in the elimination of the right to conduct Teen Nights in the 2024-25 License should be granted.

                                    SZAFERMAN, LAKIND,
                                        BLUMSTEIN & BLADER, P.C.

                                    *s/Arnold C. Lakind*
                                      Arnold C. Lakind, Esq.

Michael Battista, being duly sworn according to law, certifies that the factual statements set forth herein are true and understands that if any factual statement if knowingly false, he is subject to punishment.

                                        _____
                                        Michael J. Battista

Dated: June 28, 2024

#7071994v4